[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 25, 2011
JOHN LEY
CLERK

No. 10-15338
Non-Argument Calendar

_____

D.C. Docket No. 9:09-cr-80104-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY LEE FREEMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 25, 2011)

Before WILSON, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Bobby Lee Freeman, who conditionally pleaded guilty to being a felon in

possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e), appeals the denial of his motion to suppress.  Freeman argues that he was "stopped, detained and arrested in direct contravention of the Fourth Amendment."  We affirm.

In an appeal from a motion to suppress, we review findings of fact for clear error and the application of law to those facts de novo.  United States v. Spoerke, 568 F.3d 1236, 1244 (11th Cir. 2009).  We construe all facts in the light most favorable to the United States, id., and defer to the findings of the district court, including those involving the credibility of witnesses, unless "'we are left with a definite and firm conviction that a mistake has been committed,'" United States v. Izquierdo, 448 F.3d 1269, 1278 (11th Cir. 2006) (quoting United States v. Hogan, 986 F.2d 1364, 1372 (11th Cir. 1993)).

Freeman argues that agents lacked probable cause to stop and detain him, but his argument fails.  Officer Anthony Grillo had probable cause to stop Freeman's van because it was speeding.  See Spoerke, 568 F.3d at 1248.  The driver refused to stop after Grillo activated his blue lights and his siren.  In the light of information that Freeman and the two other occupants of the van were armed and for hours had been casing several convenient stores, Grillo and agents of the Federal Bureau of Investigation acted reasonably by approaching the van with their guns drawn, removing all three occupants, handcuffing them, and

placing them in patrol cars. See id. The agents' actions did not transform their traffic stop into an arrest. See United States v. Blackman, 66 F.3d 1572, 1576 (11th Cir. 1995). The agents were entitled to extend the traffic stop based on their reasonable suspicion that Freeman intended to commit an armed robbery. See United States v. Hardy, 855 F.2d 753, 759–60 (11th Cir. 1988). Officer Grillo requested a drug detection dog while he was pursuing the van, and the agents reasonably detained Freeman about 45 minutes for the dog to arrive and examine the van.

Freeman argues that the agents lacked probable cause to search the van, but Freeman consented to the search. We examine several factors to determine whether a defendant consented voluntarily, "including the presence of coercive police procedures, the extent of the defendant's cooperation with the officer, the defendant's awareness of his right to refuse consent, the defendant's education and intelligence, and the defendant's belief that no incriminating evidence will be found." United States v. Purcell, 236 F.3d 1274, 1281 (11th Cir. 2001). Freeman argues that he was coerced into giving consent and he cites as evidence his refusal to sign a written waiver form, but Freeman has not established that the district court clearly erred when it found that Freeman consented voluntarily. See United States v. Pineiro, 389 F.3d 1359, 1362–63, 1366 (11th Cir. 2004). Freeman

consented verbally and was read a written waiver that stated he had the right to refuse consent. Freeman stated later in recorded telephone calls that he had consented to the search because he had been confident that agents would not discover the gun. Agents testified at the suppression hearing that Freeman consented after he had been freed from handcuffs, had left repeatedly the patrol car in which he was waiting, and had offered to conduct undercover drug transactions for the Bureau.

The agents also had independent probable cause to search Freeman's van. During two separate inspections, the drug detection dog entered the rear passenger door of the van that had been left open by its occupants and alerted to the presence of marijuana, which gave the agents probable cause to search for additional contraband. See United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2003). The agents also had been told by a confidential informant that a gun was stored above the glove compartment. During the search, an agent tapped the glove compartment and heard a rattling noise, removed the glove compartment, and discovered inside the dash an Amadeo Rossi .38 caliber revolver.

We **AFFIRM** the denial of Freeman's motion to suppress.